```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


ROY DAVIS                                        CIVIL ACTION

VERSUS                                           NO: 04-2747

BUNGEE TOWING, INC. AND                          SECTION: "J" (3)
PLIMSOLL MARINE, INC.
```

**ORDER**

Before the Court is defendant Weber Marine Inc.'s Motion for Summary Judgment (Rec. Doc. 25). Having considered the record, the memoranda of counsel, and the applicable law the Court finds that the motion should be **GRANTED**.

**BACKGROUND**

On August 10, 2002 the M/V SUSAN K was allegedly struck by another vessel, causing injury to plaintiff Roy Davis, a deckhand aboard the M/V SUSAN K. Plaintiff originally alleged that the M/V SUSAN K was struck by the M/V OKALOOSA, and so he sued the M/V OKALOOSA's owner/operator Bunge Towing, Inc. on October 5, 2004. On August 11, 2005, three years and one day after the collision,

plaintiff deposed Eldridge Davis, captain of the M/V OKALOOSA, and learned that the M/V OKALOOSA did not strike the M/V SUSAN K. One week later on August 18, 2005 Davis amended his complaint a second time and added Weber Marine, the owner of the M/V MISS GINGER, as a defendant. Weber subsequently filed the instant Motion for Summary Judgment arguing that the claims against it are untimely. Plaintiff opposed the motion by requesting time to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f). The Court heard oral arguments on January 18, 2006. The Court ruled from the bench that the hearing of defendant's motion would be continued until March 1, 2006 to allow plaintiff time to conduct discovery and brief possible issues. The Court has recently received notice from plaintiff that no further filings on defendant's motion are forthcoming.

## LEGAL STANDARD

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Little Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(citing Fed. R. Civ. Pro. 56(c)).  The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine

factual issues. *Id.* If the moving party meets its burden, the nonmoving party must designate specific facts that show there is a genuine issue for trial. *Id.*

### DISCUSSION

Both plaintiff and defendant recognize that a suit for damages from a personal injury arising out of a maritime tort must be commenced within three years from the date the cause of action accrues. 46 U.S.C. app. § 763a (2000). Both parties also agree that the cause of action accrued on August 10, 2002 and that defendant was not added to the suit until after the three year period had passed. Plaintiff had hoped to oppose defendant's motion by adducing evidence through discovery sufficient to satisfy Federal Rule of Civil Procedure 15(c)(3)'s requirements for relation back of amendments or to satisfy the elements of equitable estoppel. Plaintiff has indicated in a letter to the Court that he cannot file any additional evidence to oppose the motion on these grounds.

The evidence before the Court, specifically an affidavit of Robert Wooten, vice-president of Weber Marine that defendant had no prior notice of plaintiff's claim, indicates that neither relation back nor equitable estoppel apply. Therefore, plaintiff's claim against defendant Weber Marine is barred by the statute of limitations as untimely. Accordingly,

**IT IS ORDERED** that defendant Weber Marine Inc.'s **Motion for Summary Judgment (Rec. Doc. 25)** is **GRANTED**. Plaintiff's claims against Weber Marine are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this the 1st day of March, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE